UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CENTRAL SOURCE LLC, <br> P.O. Box 105283 <br> Atlanta, Georgia, 30348, <br> <br>        Plaintiff, <br> <br> v. <br> <br> annaulcreditreports.com and 23 additional <br> Internet domain names, <br> <br>        Defendant Domain Names. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:20-cv-00084 (LMB/IDD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's ("Central Source's"), Motion for Default Judgment against Defendants annaulcreditreports.com, annualcreditreportftc.com, annualcreditreporti.com, annual-credit-reports.com, annualfree-creditreport.com, annual-free-credit-report.com, credit-annual-report.com, free-annual-credit-reports.com, freeannualcreditreports.org, my-free-annual-credit-report.com, wwwannual-creditreport.com, www-freeannualcreditreports.com, annualcredit-reports.com, annualcreditreporta.com, annualcreditreporto.com, annualcredittlreport.com, annualpcreditreport.com, anual-creditreport.com, getannualcreditreport.com, hannualcreditreport.com, yannualcreditreport.com, free--annualcreditreport.com, annuacreditreports.com, and annualcreditrepors.com (collectively "the Defendant Domain Names"). Pl.'s Mot. for Default J., Dkt. No. 15. After the Defendant Domain Names failed to file an answer or response by March 24, 2020, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon

1

consideration of the Amended Complaint, Plaintiff's Motion for Default Judgment, relevant portions of the underlying record, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED**.

## I. INTRODUCTION

Plaintiff filed its Complaint on January 24, 2020, against twelve of the Defendant Domain Names. Compl., Dkt. No. 1. Plaintiff then filed its First Amended Complaint on February 26, 2020, against all the Defendant Domain Names seeking relief under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125 *et seq.* ("ACPA") and relief for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a). Am. Compl. ¶ 1, Dkt. No. 6. Specifically, Plaintiff requests that judgment be entered in favor of Plaintiff on its claims of cybersquatting and trademark infringement; that the Court order the Defendant Domain Names be transferred to Plaintiff through transfer by the relevant registries and/or registrars of the Defendant Domain Names to Plaintiff's domain name registrar of choice and by such registrar's change of the registrant to Plaintiff; that any other domain names registered by the registrant(s) of the Defendant Domain Names that resemble or include the AnnualCreditReport mark be transferred to Plaintiff; that the Court order an award of costs and reasonable attorney's fees incurred by Plaintiff in connection with this action pursuant to 15 U.S.C. § 1117(a); and that the Court order an award to Plaintiff of such other and further relief as the Court may deem just and proper. *Id*. at 18.

### A. Jurisdiction, Venue, and Joinder

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121 because this case involves federal questions arising under the Lanham Act, which is a federal law relating to trademarks. Am. Compl. ¶¶ 30-31.

This Court has *in rem* jurisdiction over the Defendant Domain Names under 15 U.S.C. § 1125(d)(2)(A)(ii) because the listed registrant(s) of the Defendant Domain Names is either blank, a privacy service, or a fictitious person/entity, and/or an individual residing outside the United States. Thus, Plaintiff, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A). *Id.* ¶ 32.

Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM domain name registry operator, VeriSign, Inc., and the .ORG registry operator, Public Interest Registry, are situated in this judicial district, and the Defendant Domain Names are all .COM and .ORG domain names. *Id.* ¶ 34. Joinder of the Defendant Domain Names is proper under Rule 20(a)(2) in that the *in rem* cybersquatting and trademark infringement claims set forth herein appear to arise out of the same series of transactions and the same questions of law are common to all the Defendant Domain Names. *Id.* ¶ 35.

### B. Service of Process

The ACPA "provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the post and e-mail addresses provided by the registrant to the registrar, and by publishing notice of the action as the court may direct promptly after filing the action." 15 U.S.C. §§ 1125(d)(2)(A)(ii)(II)(aa)-(bb), (d)(2)(B).

On February 27, 2020, Plaintiff filed a Motion for Service by Publication. *See* Dkt. Nos. 7-9. On February 28, 2020, the Court granted Plaintiff's Motion for Service by Publication and ordered Plaintiff to publish the Order providing notice to the Defendant Domain Names in *The Washington Post* or *The Washington Times* once within fourteen (14) days after the entry of the Order. *See* Dkt. No. 10. The Order of Service by Publication was published in *The Washington*

*Times* on March 3, 2020. *See* Decl. Order Mot. Service Publication., Dkt. No. 11 at 2. Accordingly, the undersigned finds that service of process is proper in this action.

### C. Grounds for Default

Plaintiff filed its initial Complaint on January 24, 2020, and its First Amended Complaint on February 26, 2020. Compl., Dkt. No. 1; Am. Compl., Dkt. No. 6. In accordance with the Order of Service by Publication, the Defendant Domain Names' answers or other responses were due no later than March 24, 2020, and no such answer or other response has been filed or served. *See* Decl. David E. Weslow, Dkt. No. 12-1 ¶ 8. Plaintiff filed a Request for Clerk's Entry of Default on April 2, 2020, and the Clerk of the Court entered default on April 3, 2020. Dkt. Nos. 12-13. The undersigned Magistrate Judge then took this matter under advisement to issue this Report and Recommendation.

### II. **FACTUAL FINDINGS**

Plaintiff is a limited liability company organized and existing under the laws of Delaware with a principal business address of P.O. Box 105283, Atlanta, Georgia, 30348. Am. Compl. ¶ 5. Plaintiff provides consumers with a secure means to request and obtain a free credit report once every 12 months in accordance with the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681j. *Id*. ¶ 36. Plaintiff provides this service to consumers through a website and service available at www.AnnualCreditReport.com ("AnnualCreditReport"). *Id*. ¶ 37. AnnualCreditReport is the only service/site authorized by the U.S. Federal Trade Commission and the Consumer Financial Protection Bureau to provide this service. *Id*. Plaintiff registered the AnnualCreditReport.com domain name on June 25, 2004. *Id*. ¶ 38. The AnnualCreditReport mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration number 4152650. *Id*. ¶ 53; Am. Compl., Ex. 25, Dkt. No. 6-1 at 83-85.

The listed owners of the Defendant Domain Names are identified in Paragraphs 6 through 29 of the First Amended Complaint. Am. Compl. ¶¶ 6-29. Upon information and belief, the Defendant Domain Names were registered by the same person or entity and/or are under the control of the same person or entity. *Id*. ¶ 71. Plaintiff alleges that the Defendant Domain Names represent unauthorized colorable imitations of the AnnualCreditReport mark. *Id*. ¶ 51. Plaintiff alleges that the registration and use of the Defendant Domain Names reflect a type of cybersquatting known as "typosquatting" since many of the Defendant Domain Names represent typographical errors of AnnualCreditReport. *Id*. ¶ 57.

### III.     EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id*.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be

granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

      A.    **Count One: Violation of the Federal Anti-Cybersquatting Consumer Protection Act**

Plaintiff alleges a violation of the ACPA in Count One of their First Amended Complaint. Am. Compl. ¶¶ 72-78. To establish an ACPA claim, a plaintiff must demonstrate that (1) Plaintiff owns the protected mark (2) the Defendant Domain Names are confusingly similar to Plaintiff's mark; and (3) the registrant(s) used the Defendant Domain Names with the bad-faith intent to profit from Plaintiff's mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also Dynamis, Inc. v. Dynamis.com* 780 F. Supp. 2d 465, 471 (E.D. Va. 2011) (citing *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001)). The ACPA provides that a court may order the cancellation of the domain name or its transfer to the owner of the mark as a remedy to the owner. §1125(d)(1)(C).

Here, the undersigned finds that Plaintiff has established a violation of the ACPA for the following reasons. First, Plaintiff has sufficiently proven that it possesses a trademark right in the Defendant Domain Names. Plaintiff owns the mark "AnnualCreditReport" and has registered the mark on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration number 4152650. *Id.* ¶ 53; Am. Compl., Ex. 25, Dkt. No. 6-1 at 83-85. Further, Plaintiff registered a large number of additional related domain names and now owns

more than 600 domain names representing typographical errors of AnnualCreditReport. Am. Compl. ¶ 39. Therefore, the undersigned finds that Plaintiff established that it possesses a trademark right to the Defendant Domain Names.

Second, the Defendant Domain Names are confusingly similar to the AnnualCreditReport mark. The confusing similarity standard is satisfied when a domain name is virtually identical to the plaintiff's mark. *Agri-Supply Co., Inc. v. Agrisupply.Com*, 457 F. Supp. 2d 660, 663 (E.D. Va. 2006). Simply changing a few letters of a distinctive or famous mark (a practice known as "typosquatting") is not sufficient to prevent confusing similarity. *See Cent. Source LLC v. annualdcreditreport.com*, No. 14-cv-304, 2014 WL 3811162, at *7 (E.D. Va. Aug. 1, 2014) (holding that "[t]he misspelling of the AnnualCreditReport mark constitutes a clear attempt at typosquatting of the AnnualCreditReport mark insofar as omitting or inserting a letter or letters from the word 'AnnualCreditReport,' altering the order of the letters . . . or substituting a different letter in the word").

Here, the Defendant Domain Names bear obvious facial similarity to the AnnualCreditReport mark. The Defendant Domain Names each closely resemble Plaintiff's AnnualCreditReport mark with only a couple minor variations. Am. Compl. ¶¶ 6-29. Further, the mere addition of a top-level domain signifier, such as .com, to a protected trademark does not diminish the confusing similarity. *See, e.g.*, *Investools, Inc. v. Investtools.com*, No. 1:06-cv-210, 2006 WL 2037577, at *3 (E.D. Va. July 17, 2006) (citing *Brookfield Comms., Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1055 (9th Cir. 1999)). Therefore, the undersigned finds that Plaintiff has established that the Defendant Domain Names are confusingly similar to Plaintiff's mark.

Third, Plaintiff sufficiently alleges that the registrants had the bad faith intent to profit from using the Defendant Domain Names. The ACPA lists several factors that a court may consider

when determining bad faith, including a defendant's intellectual property rights in the domain name; the extent to which the name consists of the defendant's legal name; a defendant's bona fide noncommercial or fair use of the mark in a site accessible under the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark; and a defendant's provision of misleading or false contact information when applying for registration of the domain name. 15 U.S.C. §§ 1125(d)(1)(B)(i)(I)-(XI).

Here, the facts support a finding of bad faith by the registrants of the Defendant Domain Names. The registrants have no apparent intellectual property rights in the Defendant Domain Names, which differ by only a couple letters from the AnnualCreditReport mark. *See generally* Am. Compl. Given the nature of the AnnualCreditReport mark and the federally mandated service provided through AnnualCreditReport.com by Plaintiff, as well as the promotion of AnnualCreditReport by the Federal Trade Commission, the Defendant Domain Names do not appear to reflect the legal name(s) of the registrants. *Id*. ¶ 64. The registrants have not engaged in bona fide noncommercial or fair use of the AnnualCreditReport mark in a site accessible under the Defendant Domain Names. *Id*. ¶ 65. Instead, the Defendant Domain Names are being used to divert consumers away from Plaintiff's online location at AnnualCreditReport.com, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Defendant Domain Names. *Id*. ¶ 67. For the foregoing reasons, Plaintiff has established that the registrants have the bad faith intent to profit from the use of the Defendant Domain Names. Therefore, for the foregoing reasons, the undersigned Magistrate Judge finds that Plaintiff is entitled to relief under the ACPA.

### B. Count Two: In-Rem Trademark Infringement

In the First Amended Complaint, Plaintiff sought relief under Count Two for in rem trademark

infringement. *See* First Am. Compl. ¶¶ 79-90. However, in Plaintiff's Memorandum in Support of Default Judgment, Plaintiff requested that the "Court dismiss without prejudice the Second Count of In Rem Trademark Infringement given that the only relief being sought may be ordered pursuant to the First Count of In Rem Cybersquatting." Mem. Supp. Default J., Dkt. No. 16 n.1. Given Plaintiff's request, the undersigned finds that Count Two should be dismissed without prejudice.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default as to Count One in favor of Plaintiff, Central Source LLC, against the Defendant Domain Names for violation of 15 U.S.C. § 1125(d), and dismissal without prejudice as to Count Two. The undersigned further recommends that an Order be entered directing VeriSign, Inc. and Public Interest Registry to change the registrar of record for the Defendant Domain Names to Plaintiff's registrar of choice, GoDaddy.com LLC.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the registrant(s) at the physical and email addresses associated with the Defendants:

Registration Private/Domains By Proxy, LLC DomainsByProxy.com
14455 N. Hayden Road
Scottsdale, Arizona 85260

annaulcreditreports.com@domainsbyproxy.com
annualcreditreportftc.com@domainsbyproxy.com
annualcreditreporti.com@domainsbyproxy.com
annualcredittlreport.com@domainsbyproxy.com
yannualcreditreport.com@domainsbyproxy.com
free--annualcreditreport.com@domainsbyproxy.com
annuacreditreports.com@domainsbyproxy.com

(for annaulcreditreports.com, annualcreditreportftc.com, annualcreditreporti.com, annualcredittlereport.com, yannualcreditreport.com, free--annualcreditreport.com, annuacreditreports.com)

---

Super Privacy Service Ltd c/o Dynadot
PO Box 701
San Mateo, CA 94401

annualcreditreporta.com@superprivacyservice.com
hannualcreditreport.com@superprivacyservice.com


(for annualcreditrepora.com and hannualcreditreport.com)

---

WhoIsGuard Protected
WhoisGuard, Inc.
P.O. Box 0823-03411
Panama, PA

6037c99df71d469688eb09df0f82b8df.protect@whoisguard.com

(for getannualcreditreport.com)

---

Domain Administrator
PrivacyGuardian.org
1928 E. Highland Ave. Ste. F104 PMB# 255
Phoenix, AZ 85016

pw-151ed764e169914cdaf0635b4a49c016@privacyguardian.org

pw-55d8793a58dd300cf3c61a324592f631@privacyguardian.org
pw-ba4ba0e94eb3a0c2ac42855e0a77bba8@privacyguardian.org

(for annualcreditreporto.com, annualpcreditreport.com, and annualcreditrepors.com)

---

WhoisGuard, Inc.
Panama
c/o Registrar
GoDaddy.com, LLC
14455 N. Hayden Rd., Suite 226
Scottsdale, AZ 85260

abuse@godaddy.com

(for freeannualcreditreports.org)

---

Registrant(s) of: annual-credit-reports.com annualfree-creditreport.com annual-free-credit-report.com credit-annual-report.com free-annual-credit-reports.com my-free-annual-credit-report.com wwwannual-creditreport.com www-freeannualcreditreports.com annualcredit-reports.com annual-creditreport.com
c/o Registrar
Communigal Communication Ltd
P.O. Box 8473
Netanya 4250422 Israel

support@galcomm.com

(for annual-credit-reports.com, annualfree-creditreport.com, annual-free-credit-report.com, credit-annual-report.com, free-annual-credit-reports.com, my-free-annual-credit-report.com, wwwannual-creditreport.com, www-freeannualcreditreports.com, annualcredit- reports.com, and annual-creditreport.com)

                                                       /s/ Ivan D. Davis
                                                       Ivan D. Davis
                                                       United States Magistrate Judge

July 16, 2020
Alexandria, Virginia