IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CENTRAL SOURCE LLC,                 )<br>P.O. Box 105283                              )<br>Atlanta, Georgia 30348,                  )<br>                                                         )<br>            Plaintiff,                              )<br>                                                         )     1:20-cv-84 (LMB/IDD)<br>        v.                                               )<br>                                                         )<br>annaulcreditreports.com and 23 additional   )<br>    Internet domain names,                  )<br>                                                         )<br>            Defendant Domain Names.  ) | |

ORDER

On July 16, 2020, the assigned magistrate judge issued a Report and Recommendation ("Report") recommending that a partial default judgment be entered in favor of plaintiff Central Source LLC ("Central Source" or "plaintiff") against defendants annaulcreditreports.com, annualcreditreportftc.com, annualcreditreporti.com, annual-credit-reports.com, annualfree-creditreport.com, annual-free-credit-report.com, credit-annual-report.com, free-annual-credit-reports.com, freeannualcreditreports.org, my-free-annual-credit-report.com, wwwannual-creditreport.com, www-freeannualcreditreports.com, annualcredit-reports.com, annualcreditreporta.com, annualcreditreporto.com, annualcredittlreport.com, annualpcreditreport.com, anual-creditreport.com, getannualcreditreport.com, hannualcreditreport.com, yannualcreditreport.com, free--annualcreditreport.com, annuacreditreports.com, and annualcreditrepors.com (collectively, "Defendant Domain Names"). Plaintiff operates a website available at www.AnnualCreditReport.com ("AnnualCreditReport"), which provides consumers with a secure means of obtaining a free credit report once a year. Report at 4. Plaintiff alleges that the registrants of the Defendant Domain Names have engaged

in a form of cybersquatting known as "typosquatting" by changing a few letters or characters of the AnnualCreditReport mark in an effort to take advantage of common typographical mistakes made by consumers and divert those consumers away from the website they were intending to reach. The Report recommends that default judgment be entered against the Defendant Domain Names due to their violation of the federal Anti-Cybersquatting Consumer Protection Act ("ACPA") as alleged in Count One of the Amended Complaint. The Report further recommends that Count Two of the Amended Complaint be dismissed without prejudice pursuant to plaintiff's request[1] and that ownership of the Defendant Domain Names be transferred to plaintiff. The Report advised the parties that any objection to its findings of fact or conclusions of law had to be filed within fourteen days and that failure to file timely objections waives appellate review of any judgment based on the Report. As of August 3, 2020, neither party has filed an objection.

The Report correctly found that the Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121 because this action involves federal questions arising under the Lanham Act, which is a federal law relating to trademarks. The Report further found that the Court has in rem jurisdiction over the Defendant Domain Names under 15 U.S.C. § 1125(d)(2)(A)(ii) because "the listed registrant(s) of the Defendant Domain Names is either blank, a privacy service, or a fictitious person/entity, and/or an individual residing outside the United States," and therefore plaintiff, "despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A)." Report at 3.

---

[1] Plaintiff requested "that the Court dismiss without prejudice the Second Count of In Rem Trademark Infringement given that the only relief being sought may be ordered pursuant to the First Count of In Rem Cybersquatting." [Dkt. No. 16] at 2 n.1

Venue is likewise proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) because the relevant .COM domain name registry operator, VeriSign, Inc., and the .ORG registry operator, Public Interest Registry, are situated in this judicial district, and the Defendant Domain Names are all .COM and .ORG domain names. The Report further concluded that joinder of the Defendant Domain Names is proper under Rule 20(a)(2) because plaintiff's in rem cybersquatting and trademark infringement claims appear to arise out of the same series of transactions and the same questions of law are common to all the Defendant Domain Names. Lastly, the Report correctly found that service of process, which was effectuated through publication in the Washington Times on March 3, 2020, was proper under the ACPA. The Defendant Domain Names' answers or responsive pleadings were due by March 24, 2020, but to date, no answers or responsive pleadings have been filed. Accordingly, the Clerk entered default on April 3, 2020.

Having fully reviewed the Report, case file, and plaintiff's motion for entry of default judgment, the Court adopts the findings of fact and conclusions of law contained in the Report as its own. To establish an ACPA claim, a plaintiff must demonstrate that (1) it owns the protected mark (2) the Defendant Domain Names are confusingly similar to plaintiff's mark; and (3) the registrant(s) used the Defendant Domain Names with the bad-faith intent to profit from plaintiff's mark. Report at 6 (citing 15 U.S.C. § 1125(d)(1)(A)).

The Report correctly found that plaintiff has satisfied these requirements. Plaintiff owns the mark "AnnualCreditReport" and has registered that mark on the Principal Trademark Register of the United States Patent and Trademark Office under incontestable registration number 4152650. Plaintiff has also registered more than 600 domain names representing slight typographical variations of AnnualCreditReport as a defensive measure to protect consumers by

limiting cybersquatting. The Defendant Domain Names, which are virtually identical to the plaintiff's mark but for a few minor changes, are confusingly similar to the AnnualCreditReport mark. Finally, the Report concluded that the registrants of the Defendant Domain Names operated in bad faith to profit from plaintiff's mark, as evidenced in part by their repeated registration of multiple domain names known to be confusingly similar to the AnnualCreditReport mark.

Plaintiff having adequately alleged a violation of the ACPA by defendant, plaintiff's Motion for Default Judgment [Dkt. 15] is GRANTED, and it is hereby

ORDERED that judgment be and is entered in favor of plaintiff Central Source LLC against the Defendant Domain Names as to Count One of the Amended Complaint; and it is further

ORDERED that Count Two of the Amended Complaint be and is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that registry operators VeriSign, Inc. and Public Interest Registry change the registrar of record for the Defendant Domain Names to Plaintiff's registrar of choice, GoDaddy.com LLC.

The Clerk is directed to enter judgment in favor of plaintiff under Fed. R. Civ. P. 55, to forward copies of this Order to counsel of record for plaintiff and to the registrants of the Defendant Domain Names at their physical and email addresses of record as reflected in the Report, and to close this civil action.

Entered this 4th day of August, 2020.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge